IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA ex rel )
ARTRAVIUS THOMAS, )
)
   Petitioner, )
)
v. ) No. 04 C 7864
)
CHARLES HINSLEY, Warden, )
)
   Respondent. )

## MEMORANDUM OPINION AND ORDER

Pursuant to 28 U.S.C. § 2254, Artravius Thomas petitions for a writ of habeas corpus. After a fight between members of two street gangs, Mr. Thomas was convicted by a state court jury of first degree murder, two counts of attempted first degree murder, and two counts of aggravated assault. He was sentenced to 60 years of incarceration for first degree murder and 10 years for each charge of attempted murder. The two counts of aggravated assault were merged into the attempted murder charges. The trial judge ordered the sentences to be served consecutively for a total of 80 years. Thomas claims that his constitutional rights were violated in two respects, first, because the consecutive sentences were not charged in the indictment and not proved to a jury in violation of the rule laid down in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and second, that he was deprived of effective assistance of counsel and thus of his right to a fair trial, because his appellate

counsel failed to challenge remarks made by the state in closing argument. I deny the petition for the reasons stated below.

The judgment of conviction was entered in the Circuit Court of Cook County, Illinois on February 24, 1999. Thomas appealed the judgment to the Illinois Appellate Court, which affirmed the trial court on May 9, 2001, and the Illinois Supreme Court denied leave to appeal on June 29, 2001. Thomas' second post-conviction petition in the state court was denied on January 14, 2002, the denial was affirmed by the Illinois Appellate Court on April 20, 2004, and on October 6, 2004, the Illinois Supreme Court denied leave to appeal. Meanwhile, Thomas filed a prior petition for habeas corpus in this court (Case No. 02 C 4548), which I dismissed without prejudice and with leave to file a motion to reinstate within 60 days of the termination of his post-conviction proceedings in the Illinois state courts. Because Thomas' 60 days began to run on October 6, 2004 and December 5, 2004 fell on a Sunday, his new habeas petition, which I will consider as a motion to reinstate the prior petition, is timely.

The Illinois Attorney General concedes that Thomas has exhausted his state court remedies and that the claims raised in his petition are preserved for review.

The *Apprendi* Claim. In *Apprendi v. New Jersy*, 530 U.S. 466 (2000), the Supreme Court held that under the Sixth Amendment to the United States Constitution, any fact that increases the penalty

for a crime beyond the prescribed statutory maximum sentence must be submitted to the jury and proved beyond a reasonable doubt. The *Apprendi* rule is not violated by a judgment for consecutive sentences for separate offenses, where both offenses have been properly charged and submitted to a jury. *United States v. Noble*, 299 F.3d 907, 909 (7th Cir. 2002). A review of the briefs of the parties on Thomas' direct appeal of his conviction and the decision of the Illinois appellate court affirming his conviction shows that the underlying facts as to the terms of the indictment, the charge to the jury, and the sentencing order were not disputed, and that in affirming the judgment of the trial court, the Illinois appellate court applied the same reasoning as that applied by the Seventh Circuit in *Noble*, supra: namely, that consecutive sentences do not violate *Apprendi* so long as the combined sentence does not exceed the combined statutory maximum for all counts on which a defendant has been convicted. *Noble*, 299 F.3d at 909-10. Here, the consecutive sentencing did not result in a sentence longer than the combined statutory maximum of the counts on which Thomas was convicted. I therefore reject his *Apprendi* argument.

Denial of Effective Assistance of Counsel. The gist of Thomas' argument on this point is that in its rebuttal argument after the close of the evidence, the state misled the jury as to its burden of proof when it contended

> [Defense] counsel told you there's one issue, identification. Who did [the witnesses] say they saw?

3

> Well, we are going to do that. There's a lot of things that you don't have to worry about. When you're deciding whether or not [defendant] is guilty, you don't have to worry about the person who shot Charles Dennis was doing it with intent to kill or do great bodily harm. You don't have to worry about the person who did this knowingly that his act caused the death of Charles Dennis. You don't have to worry about that the person knew his acts created a strong probability of death or great bodily harm, or that the person who did this intended to kill him. You can draw all those out because you know they're true and they know they're true.
>
> [We] talked to you a little bit about accountability, which is a legal word. What it is is legal responsibility. The law * * * recognizes that people acting together are more powerful, more dangerous, they are more susceptible to getting away with murder. You got people looking out for you, helping you the whole way, somebody looking out for the police or other gang members, so when the law tells you that somebody is responsible for the acts of another when they are working together for a common goal, the law is telling you that you share in the pack, you share in the kill.
>
> [Defendant} was part of that pack. * * * [W]hen you're reading the instructions and you hear the words that the Defendant or one for whose conduct he is legally responsible, you can think of those words as that of [defendant] or [co-defendants] or another one out there working with them. It doesn't have to be one of them doing the whole thing. They were working together that night.

According to Thomas, the foregoing argument dictates to the jury that the state does not have to meet its burden of proof of the crimes charged in the indictment. The trial court summarily dismissed Thomas' second post-conviction petition, and the Illinois appellate court affirmed the dismissal.

Criminal defendants are entitled to the assistance of reasonably competent counsel. *Strickland v. Washington*, 466 U.S.

4

668, 687-91, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To demonstrate that his appellate counsel's assistance was ineffective, Thomas must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's errors, there is a reasonable probability that the result of the proceeding would have been different. *Id.* at 687-88, 104 S.Ct. 2052. Scrutiny of counsel's performance is highly deferential; counsel's performance is presumed effective. *Berkey v. United States,* 318 F.3d 768, 772 (7th Cir.2003). The Illinois appellate court was well aware of these standards and applied them when it affirmed the dismissal of Thomas' second post-conviction petition. It held that while it is improper for a prosecutor to make comments which misstate the law, the comments at issue must be considered in light of the entire closing arguments of the parties. When so considered, the appellate court held, the statements that the jury need not "worry" about certain elements of the offenses did not misstate the law, because the prosecution in its first closing statement had properly laid out its burden of proof as well as the requirement that it prove intent, and the remarks made in rebuttal constituted permissible argument that the state had proven its case. Further, the brief of the state in the Illinois appellate court shows that the court properly instructed the jury as to burden of proof and the element of intent. Thomas could not have mounted a successful

challenge to his conviction even if his appellate counsel had made the argument Thomas makes here.

For the foregoing reasons, I deny Thomas' petition for a writ of habeas corpus.

ENTER ORDER:

_____
**Elaine E. Bucklo**
United States District Judge

Dated: July 12, 2005